Brian Brazier, Esq. (SBN: 245004)
Price Law Group, APC
8245 North 85th Way
Scottsdale, AZ 85258
T: (818) 600-5564
F: (818) 600-5464
E: brian@pricelawgroup.com

Lauren Tegan Rodkey, Esq. (SBN: 275830)
Price Law Group, APC
6345 Balboa Blvd, Suite 247
Encino, CA 91316
T: (818) 600-5526
F: (818) 600-5426
E: tegan@pricelawgroup.com
*Attorneys for Plaintiff,*
*Mary Brittain*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARY BRITTAIN,<br><br>                Plaintiff,<br><br>v.<br><br>NAVIENT SOLUTIONS, LLC,<br><br>            Defendant. | **Case No. 2:18-cv-10529**<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>1. TCPA, 47 U.S.C. § 227<br>2. RFDCPA, Cal. Civ. Code § 1788 *et. seq.*<br>3. Intrusion Upon Seclusion<br>4. Cal. Civ. Code § 3294 |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Mary Brittain ("Plaintiff"), by and through her attorneys, alleges the following against Navient Solutions, LLC, formerly known as, Navient Solutions, Inc. ("Defendant" or "Navient"):

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based upon the Telephone Consumer

Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2.      Count II of Plaintiff's Complaint is based upon Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788, which prohibits debt collectors from engaging in abusive, deceptive and unfair practices in connection with the collection of consumer debts.

3.      Count III of Plaintiff's Complaint is based upon the Invasion of Privacy - Intrusion upon Seclusion, as derived from §652B of the Restatement (Second) of Torts. § 652B prohibits an intentional intrusion, "physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns . . . that would be highly offensive to a reasonable person."

4.      Count IV of Plaintiff's Complaint is based upon Exemplary Damages, Cal. Civ. Code § 3294, which allows a Plaintiff to recover punitive damages "where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice."

## JURISDICTION AND VENUE

5.      Jurisdiction of the court arises under 28 U.S.C. §§1331, 1367(a) and 47 U.S.C. §227.

6.      Venue is proper pursuant to 28 U.S.C. §1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

7.      Defendant transacts business here; therefore, personal jurisdiction is established.

## PARTIES

8.      Plaintiff is a natural person residing in California.

9.      Plaintiff is a "debtor" as defined by *Cal. Civ. Code § 1788.2(h).*

COMPLAINT AND DEMAND
FOR JURY TRIAL

10.     Defendant is a "debt collector" as defined by *Cal. Civ. Code § 1788.2(c)*.

11.     Defendant, Navient is a financial institution with its principal place of business located in Wilmington, Delaware. Defendant can be served with process through its designated agent, Corporation Service Company, 100 Shockoe Slip, 2nd Floor, Richmond, VA 23219.

12.     Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

13.     Defendant is attempting to collect a debt from Plaintiff.

14.     Plaintiff began making payments on her student loans late int 2008.

15.     Plaintiff would make consistent, on-time, payments to Navient each month for several years.

16.     Early in 2017, Plaintiff was having financial difficulties and began making partial payments each month to Navient.

17.     In the middle of 2017 Plaintiff was unable to keep making payments and stopped making timely payments to Navient.

18.     In or around August of 2017, Defendant began placing calls to Plaintiff's cellular phone number (XXX) XXX-9449, in an attempt to collect a debt.

19.     The calls mainly originated from the following numbers: (513) 914-4611; (513) 914-4627; (856) 242-2501; (513) 914-4612; (615) 432-4244; (317) 960-1983; (856) 316-7063; (765) 637-0719; (386) 269-0660; (855) 253-1479; (607) 271-6193; (317) 550-5575; (703) 439-1083 and (570) 904-8753. Upon information and belief, these phone numbers are owned or operated by Defendant.

20.     On or about October 3, 2017, at 8:01 p.m., Plaintiff answered a call from Defendant and spoke with a representative. The call originated from (317) 960-1983.

21.     After picking up the call, Plaintiff noticed a delay before Defendant's representative began speaking, indicative of the use of an automatic dialing system.

COMPLAINT AND DEMAND
FOR JURY TRIAL

22.     Defendant informed Plaintiff that it was attempting to collect a debt incurred by Plaintiff.

23.     During that call, Plaintiff unequivocally revoked consent to be called any further regarding any of her Navient accounts.

24.     Despite her request, Plaintiff continued to receive calls on her cellular phone.

25.     On or about October 6, 2017, at 8:04 a.m., Plaintiff answered a call from Defendant and spoke with a representative. The call originated from (765) 637-0791.

26.     Defendant informed Plaintiff that it was attempting to collect a debt incurred by Plaintiff.

27.     During that call, Plaintiff again unequivocally revoked consent to be called any further regarding any of her Navient accounts.

28.     The same day less than ten minutes later, October 6, 2017, at 8:11 a.m., Plaintiff answered a call from Defendant and spoke with a representative. The call originated from the same number: (765) 637-0791.

29.     Defendant informed Plaintiff that it was attempting to collect a debt incurred by Plaintiff.

30.     During that call, Plaintiff **again** unequivocally revoked consent to be called any further regarding any of her Navient accounts.

31.     Between October 3, 2017 and October 17, 2017, Plaintiff unequivocally revoked consent to be called any further on approximately nine different occasions. The revocations were ignored and Plaintiff continued to receive an alarming amount of phone calls.

32.     Plaintiff continued to frequently revoke consent to be called by Navient and the calls never stopped.

33.     On November 8, 2017 and on November 9, 2017, Plaintiff answered two phone calls originating from (386) 269-0660 and on both occasions told the representative that she no longer wanted to be called by Navient.

COMPLAINT AND DEMAND
FOR JURY TRIAL

34.     Plaintiff continued to receive calls from Navient at an alarming rate. Plaintiff received approximately twenty-six (26) calls between November 21, 2017 and November 28, 2017. She received at least six calls from Navient on November 27, 2017.

35.     On November 29, 2017 at approximately 11:51 a.m., Plaintiff answered another phone call and spoke with a Navient representative. She revoked consent to be called any further **again.**

36.     The same day, November 29, 2017, Plaintiff received several additional phone calls from Navient.

37.     Plaintiff revoked consent to be contacted on at least two other occasions on December 4, 2017 and January 9, 2018.

38.     After January 9, 2018, Navient almost stopped calling Plaintiff completely.

39.     There were very few calls that occurred between January and July of 2018.

40.     The incessant calls started up again at the beginning of August 2018.

41.     On August 2, 2018, Plaintiff received at least four phone calls.

42.     Navient called Plaintiff almost every day between August 2, 2018 and September 28, 2018, often more than three times in a day.

43.     During the months of August and September of 2018, Navient placed approximately one hundred and thirty (130) calls to Plaintiff's cellular phone.

44.     Defendant placed at least five (5) phone calls to Plaintiff on at least six different days during that time period.

45.     Between October 3, 2017, and the end of December 2017, Defendant called Plaintiff's cellular phone approximately seventy-five (75) times, despite Plaintiff's multiple revocations of consent to be called any further.

46.     Between August 1, 2018 and November 13, 2018, Defendant placed approximately one hundred and seventy-five (175) additional calls to Plaintiff's cellular phone despite her repeated revocations of consent to be called any further.

47.     In total, Defendant placed approximately two-hundred and fifty (250) phone calls to Plaintiff's cellular phone despite her multiple revocations of consent to be called

any further.

48.     Plaintiff, since before she started repaying her loans has had several serious medical issues. She has had several surgeries and spends a significant amount of money on medication and doctor's visits regularly.

49.     She has provided her financial information to Navient on several occasions and at one period Navient had placed Plaintiff on a plan with a lower interest rate.

50.     When Plaintiff was on the lower interest rate plan, she was making her payments on time and in full. Navient removed her from the plan unexpectedly and she was no longer able to afford her payments.

51.     At that time, Plaintiff informed Navient of her financial situation in an attempt to adjust her payments and they would not work with her.

52.     Plaintiff then fell behind on her payments again.

53.     Plaintiff has attempted to pay the debts and has attempted to be placed back on a reduced interest rate program, but Navient has not cooperated with her.

54.     Plaintiff has told Navient on multiple occasions that she wants to make payments but cannot afford the payments that Navient are requiring her to pay.

55.     In November of 2017, Plaintiff had a major surgery and was out of work for several months.

56.     Plaintiff has spent multiple different periods of time living with her parents because she could not afford to pay her medical bills, her housing bills, and her student loans.

57.     Defendant is familiar with the TCPA and the RFDCPA.

58.     Defendant's conduct as described in detail above amounted to an unfair or unconscionable means to collect or attempt to collect the alleged debt.

59.     Defendant's conduct as described above was intended to harass, annoy, coerce, and intimidate Plaintiff into paying the alleged debt or increasing the amount Plaintiff was willing to pay.

60.     Specifically, Plaintiff reasonably believed that Defendant would never stop

calling her because Defendant lead Plaintiff to believe that she could only stop the collection calls by paying her debt with Defendant.

61.     Defendant had other options to collect on its debt from Plaintiff.

62.     Plaintiff's medical conditions leave her stressed and worried about her finances regularly and the harassing phone calls from Navient severely contributed to increasing her stress levels.

63.     Plaintiff had to start taking prescription medicine for her stress, anxiety, and depression because of the harassment from Navient compounded with her other debts and her financial situation.

64.     Plaintiff's medical conditions cause her and her family a lot of stress.

65.     Plaintiff's is one of ten children and her family does what they can to help her financially. Plaintiff's parents feel responsible for Plaintiff's situation and do what they can to help her financially.

66.     Plaintiff currently works in a medical facility and is with patients most of the day. The calls disrupt her work day and she is often forced to not have her phone on her because of the phone calls.

67.     Plaintiff does not want to have her phone with her at work, at home, or when she is out because she is worried Navient will call her and interrupt her day.

68.     As a result of Defendant's conduct, Plaintiff has sustained actual damages more detailed above as well as, embarrassment, emotional and mental pain and anguish.

69.     Each and every one of Defendant's telephone calls caused Plaintiff distraction, temporary loss of use of her telephone line, annoyance and embarrassment.

## COUNT I

## Violations of the TCPA, 47 U.S.C. §227

70.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

71.     Defendant violated the TCPA. Defendant's violations include, but are not limited to the following:

COMPLAINT AND DEMAND
FOR JURY TRIAL

a. Within four years prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "[i]t shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

b. Within four years prior to the filing of this action, on multiple occasions Defendant willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and, as such, Defendant knowingly and/or willfully violated the TCPA.

72.    As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. §§227(b)(3)(B), (C).

## COUNT II

### Violations of the RFDCPA, Cal. Civ. Code § 1788 *et seq.*

73.    Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

74.    Defendant violated the RFDCPA. Defendant' violations include, but are not limited to, the following:

a. Defendant violated Cal. Civ. Code § 1788.17 by collecting or attempting to collect a consumer debt without complying with the provisions of Sections 1692b to 1692j, inclusive, of Title 15 of the United States Code (Fair Debt

COMPLAINT AND DEMAND
FOR JURY TRIAL

Collection Practices Act).

b. Defendant violated Cal. Civ. Code § 1788.17 by violating 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of the alleged debt; and

c. Defendant violated Cal. Civ. Code § 1788.17 by violating 15 U.S.C. § 1692e by using false, deceptive, or misleading representation or means in connection with the collection of the alleged debt;

d. Defendant violated Cal. Civ. Code §1788.11(d), which provides that "[n]o debt collector shall collect or attempt to collect a consumer debt by means of the following practices: … (d) Causing a telephone to ring repeatedly or continuously to annoy the person called;" and

e. Defendant violated Cal. Civ. Code §1788.11(e), which provides that "[n]o debt collector shall collect or attempt to collect a consumer debt by means of the following practices: … (e) Communicating, by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute a harassment to the debtor under the circumstances."

f. Defendant violated Cal. Civ. Code §§ 1788.17 by violating 15 U.S.C. § 1692f by using unfair or unconscionable means in connection with the collection of an alleged debt.

g. Defendant violated Cal. Civ. Code §§ 1788.11 by calling Plaintiff repeatedly to annoy Plaintiff, and with such a frequency as to be unreasonable and to constitute an harassment of Plaintiff.

75. Defendant's acts, as described above, were done intentionally and with malice with the purpose of harassing, abusing, annoying, coercing, intimidating, and oppressing Plaintiff to pay.

76. As a result of the foregoing violations of the RFDCPA, Defendant is liable to Plaintiff for declaratory judgment that Defendant's conduct violated the RFDCPA,

actual damages, punitive damages, statutory damages, and attorney's fees and costs.

## COUNT III

### Defendant's Invasion of Privacy of Plaintiff

77.     Plaintiff incorporates herein by reference all of the above paragraphs of this complaint as though fully set forth herein at length.

78.     Restatement of the Law, Second, Torts, § 652(b) defines intrusion upon seclusion as "[o]ne who intentionally intrudes… upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person".

79.     Defendant violated Plaintiff's privacy. Defendant's violations include, but are not limited to, the following:

    a.  Defendant intentionally intruded, physically or otherwise, upon Plaintiff's solitude and seclusion by engaging in harassing phone calls in an attempt to collect on an alleged debt despite Plaintiff having unequivocally revoked consent to be called.

    b.  The number and frequency of the telephone calls to Plaintiff by Defendant constitute an intrusion on Plaintiff's privacy and solitude.

    c.  Defendant's conduct would be highly offensive to a reasonable person as Plaintiff received calls that frequently interrupted Plaintiff's daily activities, temporarily occupied Plaintiff's telephone line, and distracted Plaintiff.

    d.  Defendant's acts, as described above, were done intentionally with the purpose of coercing, oppressing, abusing, and harassing Plaintiff to pay the alleged debt, or to pay more than Plaintiff would otherwise, or to cause Plaintiff to unknowingly restart the statute of limitations.

80.     As a result of Defendant's violations of Plaintiff's privacy, Defendant is liable to Plaintiff for actual damages. If the Court finds that the conduct is found to be egregious, Plaintiff may recover punitive damages.

## COUNT V
### (Exemplary Damages – Punitive Damages)

81.    Plaintiff incorporates herein by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

82.    Cal. Civ. Code § 3294(a) allows a Plaintiff to recover punitive damages "where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice."

83.    Cal. Civ. Code § 3294(c)(1) defines "malice" as "conduct which is intended by the defendant to cause injury to the plaintiff or despicable conduct which is carried on by the defendant with a willful and conscious disregard for the safety of others."

84.    Cal. Civ. Code § 3294(c)(2) defines "oppression" as "despicable conduct that subjects a person to cruel and unjust hardship in conscious disregard of that person's rights."

85.    Plaintiff is informed and believes that the aforesaid conduct was malicious and oppressive, as those terms are defined by Cal. Civ. Code §§ 3294(c)(1) and 3294(c)(2), as Defendant's conduct was done in complete conscious disregard of Plaintiff's rights.

86.    Defendant was aware that Plaintiff had repeatedly requested to not be called on her cell phone and Defendant continued its bombardment of harassing phone calls to Plaintiff in violation of the TCPA, RFDCPA and Plaintiff's privacy rights.

87.    As a result of Defendant's conduct and violations, Defendant is liable to Plaintiff for punitive damages.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

COMPLAINT AND DEMAND
FOR JURY TRIAL

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Mary Brittain respectfully requests judgment be entered against Defendant for the following:

A.   Declaratory judgment that Defendant violated the TCPA and the RFDCPA;

B.   Statutory damages pursuant to 47 U.S.C. §§227(b)(3)(B), (C).

C.   Actual damages pursuant to Cal. Civ. Code §1788.30;

D.   Statutory damages pursuant to Cal. Civ. Code §1788.30;

E.   Punitive damages to be determined at trial, for the sake of example and punishing Defendant for their malicious conduct, pursuant to Cal. Civ. Code § 3294(a)Punitive damages for intrusion upon Plaintiff's seclusion;

F.   Costs and reasonable attorney's fees pursuant to Cal. Civ. Code §1788.30;

G.   Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

H.   Any other relief that this Court deems appropriate.

Respectfully submitted this 19th day of December 2018.

*/s/Brian Brazier*
Brian Brazier, Esq. (SBN: 245004)
Price Law Group, APC
8245 North 85th Way
Scottsdale, AZ 85258
T: (818) 600-5564
F: (818) 600-5464
E: brian@pricelawgroup.com

Lauren Tegan Rodkey, Esq. (SBN: 275830)
Price Law Group, APC
6345 Balboa Blvd, Suite 247
Encino, CA 91316
T: (818) 600-5526
F: (818) 600-5426
E: tegan@pricelawgroup.com
*Attorneys for Plaintiff,*
*Mary Brittain*

COMPLAINT AND DEMAND
FOR JURY TRIAL