Brian Brazier, Esq. (SBN: 245004)
Price Law Group, APC
8245 North 85th Way
Scottsdale, AZ 85258
T: (818) 600-5564
F: (818) 600-5464
E: brian@pricelawgroup.com

Lauren Tegan Rodkey, Esq. (SBN: 275830)
Price Law Group, APC
6345 Balboa Blvd, Suite 247
Encino, CA 91316
T: (818) 600-5526
F: (818) 600-5426
E: tegan@pricelawgroup.com
*Attorneys for Plaintiff,*
*Mary Brittain*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY BRITTAIN,<br><br>             Plaintiff,<br><br>v.<br><br>NAVIENT SOLUTIONS, LLC,<br><br>           Defendant. | **Case No. 2:18-cv-10529-FMO-AGR**<br><br>**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT NAVIENT SOLUTIONS LLC'S MOTION TO COMPEL ARBITRATION AND DISMISS CASE** |

Plaintiff Mary Brittain ("Plaintiff") hereby submits this Memorandum of Points and Authorities in Opposition to Defendant Navient Solutions, LLC's ("Defendant") Motion to Compel Arbitration and Dismiss Case. While Plaintiff does not oppose, nor has she ever opposed, arbitration as a general matter. However, Plaintiff does oppose arbitration before AAA and therefore requests that the Court appoint an arbitrator under FAA §5.

## I.   **INTRODUCTION**

Defendant is attempting to eliminate Plaintiff's contractual right to select an arbitration forum and choose between AAA and NAF by forcing her into arbitrating her claims before a tribunal to which she objects. Defendant's position is that because NAF became unavailable as an arbitration forum subsequent to Plaintiff entering into the agreement providing for arbitration, then arbitration must proceed before AAA. However, as contemplated by the agreement into which she entered, Plaintiff should not be deprived of her right to elect an arbitration forum to which she does not object. To deprive her of the right to elect a forum to which she does not object would contradict the intentions of the parties when they entered into the arbitration agreement. Plaintiff has elected not to arbitrate before AAA but instead would arbitrate before NAF. As courts within this District have held, NAF's unavailability is a lapse in the naming of the contractual term "administrator" and thus allows the Court to appoint an arbitrator. 9 U.S.C. §5. Therefore, the Court should deny Defendant's motion inasmuch as it seeks to compel Plaintiff to arbitre before AAA, and Plaintiff requests that this Court appoint an arbitrator under FAA §5.

Finally, Plaintiff further requests that, after appointing the arbitrator or permitting Plaintiff to elect a reputable forum of her choosing, the Court stay the case pending arbitration rather than dismissing it.

## II.  **RELEVANT BACKGROUND**

Plaintiff executed at least two promissory notes for student loans. Two of the notes are dated August 5, 2006 and August 3, 2007 (the "Promissory Notes"). Declaration of Andrew Reinhart ISO Motion to Compel Arbitration ("Reinhart Decl.") [Doc. 17-1], Exh.

A-B.  The loan agreements contains the following language:

**ARBITRATION AGREEMENT**

You and I agree that either party may elect to arbitrate – and require the other party to arbitrate – any Claim under the following terms and conditions. This Arbitration Agreement is part of the Tuition Answer Loan Promissory Note ("Note").

1. **RIGHT TO REJECT: I may reject this Arbitration Agreement by sending you a rejection notice certified or registered mail or by messenger service within 60 days after the date of my First Disbursement … must be sent to Sallie Mae Servicing, PO BOX 59030, Panama City, FL 32412.**

3. **DEFINITIONS:** In this Arbitration Agreement, the following definitions will apply:

"**I**," "**me**" and "**my**" mean each and every Borrower and Cosigner on the Note; the Student on whose behalf the proceeds of the Note have been advanced; and the heirs, executors and assigns of all of the foregoing. "**You**," "**your**" and "**yours**" mean the Lender; Sallie Mae Inc.; any Sallie Mae affiliate or subsidiary; all of their parents, wholly or majority owned subsidiaries and affiliates; any predecessors, successors of these entities. . . "**Administrator**" means, as applicable, the **American Arbitration Association**, 335 Madison Avenue, New York, NY 10017, www.adr.org, (800) 778-7879, or the **National Arbitration Forum**, P.O. Box 50191, Minneapolis, MN 55405, www.arb-forum.com, (800) 474-2371, provided that the Administrator must not have in place a formal or informal policy that is inconsistent with and purports to override the terms of this Arbitration Agreement.

4. "**CLAIM**" means . . . This includes, without limitation, disputes concerning the validity, enforceability, arbitrability or scope of this Arbitration Agreement or the Note; disputes involving alleged fraud or misrepresentation, breach of contract, negligence or violation of statute, regulation or common law; and disputes involving requests for injunctions or other equitable relief. . . .

5. **STARTING AN ARBITRATION: I** must select the administrator when **I** give notice of my election to arbitrate or within 20 days of your notice. . . The arbitrator will be selected under the Administrator's rules, except that the arbitrator must be a lawyer with at least ten years of experience or a retired judge.

9. **GOVERNING LAW:** . . . The arbitrator will follow rules of procedure and evidence consistent with the FAA, and not by any state law concerning arbitration. The arbitrator shall follow substantive law to the extent consistent with the FAA, applicable statutes of limitations and applicable privilege rules…

On July 24, 2009—after Plaintiff's right to reject the arbitration agreement expired—the National Arbitration Forum ("NAF") stopped administering consumer arbitrations. (Declaration of Brian Brazier, ¶2.)

After Defendant was served with process, during a series of emails between Plaintiff's and Defendant's counsel, Plaintiff requested a copy of the arbitration agreement that Plaintiff had signed. Because the arbitration agreement provided for administration by the American Arbitration Association ("AAA") or NAF and NAF has become unavailable, Plaintiff's counsel requested that arbitration proceed before JAMS. Defendant emailed Plaintiff's counsel informing them that Defendant had elected to arbitrate Plaintiff's claims under the arbitration agreement contained in the Promissory Notes. (Declaration of Brian Brazier, ¶3.). Defendant refused to stipulate to proceed before JAMS, arguing that the parties had a "binding agreement to arbitrate with AAA." Defendant stated that unless Plaintiff consented to arbitrate before AAA Defendant would move to compel for arbitration before AAA. *Id.*

## III. LEGAL STANDARD

Parties can seek judicial enforcement of an arbitration agreement under FAA §4, and courts can appoint an arbitrator if one is not specified in the contract, pursuant to FAA §5. 9 U.S.C. §§4-5.

"[C]ourts must rigorously enforce arbitration agreements according to their terms, including terms that 'specify with whom [the parties] choose to arbitrate their disputes,' and 'the rules under which that arbitration will be conducted.'" *Am. Exp. Co. v. Italian Colors Restaurant,* 570 U.S. 228,233 (2013) (quoting *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662,683 (2010); *Volt Information Services, Inc. v. Board of Trustees of Leland Stanford Junior Univ.*, 489 U.S. 468, 479 (1989)).

## IV. ARGUMENT

**A. Under The Arbitration Agreement, Plaintiff Has A Choice in the**

**Administrator of the Arbitration.**

The arbitration agreement gives Plaintiff the right to elect before which of two forums Plaintiff may arbitrate her claims. "[T]he usual principles of contract interpretation" apply to choice of forum clauses. *Reddam v. KPMG LLP*, 457 F.3d 1054, 1059 (9th Cir. 2006) (overruled on other grounds). The parties' intention is determined "by reference to the terms of the agreement itself." *Id.*

In *Reddam*, the agreement provided that "[a]ny arbitration under this agreement shall be determined pursuant to the rules then in effect of the [NASD]." *Id.* Where the contracted-for arbtiratin forum could not be used, the Court held that the parties' intent to arbitrate was not stymied by the unavailability of that forum, but that the court would select a forum instead. *Id.*

Here, the intention of the parties was to give Plaintiff the right to choose between two different fora to arbitrate her claims. The arbitration agreement clearly and expressly provides so: "**I** must select the administrator when **I** give notice of my election to arbitrate or within 20 days of your notice."  Reinhart Decl., Exh. A, pg. 9.  Inasmuch as it seeks arbitration before AAA, Defendant's motion attempts to usurp Plaintiff's right to select between multiple fora. Defendant further argues that Plaintiff did not reject the arbitration agreement within the time allowed in the agreement. However, NAF became unavailable well after Plaintiff's right expired. And at the commencement of NAF's unavailability, Plaintiff was unaware that she was losing one of her two options for her arbitration Administrator. The fact that NAF became unavailable cannot be interpreted as negating Plaintiff's right to select an administrator other than AAA. NAF's unavailability only means that if Plaintiff elects not to arbitrate before AAA, then there is a lapse in the naming of the arbitrator under FAA §5.

**B.  The Delegation Clause Is Unenforceable Because It Would Deprive Plaintiff Of Her Right To Choose A Forum Other Than AAA.**

The Court—and not an arbitrator—has jurisdiction over the enforceability of the arbitration agreement because Plaintiff's right to elect not to arbitrate before AAA, but before another arbitration forum, takes place before an arbitrator can be selected. A party

contesting the enforceability of a delegation clause must "challenge[ ] the delegation provision specifically." *Rent-A-Center, West, Inc.v. Jackson*, 561 U.S. 63, 70, 72 (2010).

Here, the delegation clause is unenforceable because compelling arbitration under the administration of AAA would effectively deprive Plaintiff of her contractual right to elect to arbitrate before a forum other than AAA. Under the arbitration agreement, Plaintiff has the right to choose between AAA and NAF. NAF became unavailable because of the consent decree with the Minnesota Attorney General. NAF became unavailable after Plaintiff's right to reject the arbitration agreement had already expired.

The language of the arbitration agreement shows that AAA and NAF were not alternatives but options from which Plaintiff had a contractual right to choose. The arbitration agreement clearly states that Plaintiff—and not Defendant—elects the Administrator.  Reinhart Decl., Exh. A, pg. 9.  Plaintiff sought Defendant's agreement to stipulate to JAMS or a different forum other than AAA. Instead, Defendant purported to "elect" to arbitrate only before AAA. Defendant's refusal to arbitrate before a different form, its purported "election" of AAA, and this motion effectively seek to deprive Plaintiff of her right to elect not to arbitrate before AAA but before a different forum. Plaintiff's right must be exercised before an arbitrator can be appointed. Therefore, the Court should hold that the delegation clause is unenforceable.

### C. There Is A Lapse In The Naming Of An Arbitrator Because NAF Is Unavailable, The Agreement Does Not Provide For An Alternative To NAF, And Defendant Refused To Arbitrate Before JAMS.

The Court should deny Defendant's motion inasmuch as it moves for arbitration before AAA because Plaintiff has the right to choose to arbitrate before a forum other than AAA. Because Defendant cannot negate Plaintiff's right to elect to arbitrate before a tribunal other than AAA, there is a lapse in the naming of the arbitrator under FAA §5 and therefore the Court should appoint the arbitrator. Courts in this District treat the unavailability of an contractually agreed-to arbitration forum as a lapse under FAA §5. The unavailability of the arbitration forum "is addressed in section 5 of the FAA, which provides a mechanism for substituting an arbitrator when the designated arbitrator is unavailable." *Khan v. Dell Inc.*, 669 F.3d 350, 354 (3d Cir. 2012). *Accord, Burton Way*

*Hotels, Ltd. v. Four Seasons Hotels Ltd.*, No. CV11-303 PSG (PLAX), 2017 WL 1196666, at *4 (C.D. Cal. Mar. 22, 2017); *Selby v. Deutsche Bank Tr. Co. Americas*, No. 12CV01562 AJB BGS, 2013 WL 1315841, at *10 (S.D. Cal. Mar. 28, 2013); *Martin v. Certain Underwriters of Lloyd's, London*, No. SACV101298AGAJWX, 2011 WL 13227729, at *8 (C.D. Cal. Sept. 2, 2011).

Because there is a lapse in the naming of the "administrator," the Court can appoint an arbitrator under FAA §5, expressly incorporated into the arbitration agreement.  Reinhart Decl., Exh. A.  The Court's appointment of an arbitrator under FAA §5 should incorporate the remaining applicable provisions of the arbitration agreement. The arbitration agreement expressly requires that only one arbitrator be appointed and that he or she "must be a lawyer with at least ten years of experience or a retired judge." Reinhart Decl., Exh. A, pg. 9.

## V.    CONCLUSION

The Court should deny Defendant's motion inasmuch as it requests arbitration under the administration of AAA because the delegation clause is unreasonable as it would deprive Plaintiff of her right to choose between AAA and NAF. Because NAF is unavailable, the method to appoint the arbitrator under the arbitration agreement is no longer possible. As a result, there is a lapse in the naming of the "administrator," and the Court should appoint an arbitrator under FAA §5, thereby validating Plaintiff's right to arbitrate claims in a forum other than AAA. Furthermore, Plaintiff requests that after appointing the arbitrator, the Court stay this case rather than dismiss it.

Respectfully submitted this 21st day of March 2019.

*/s/Brian Brazier*
Brian Brazier, Esq. (SBN: 245004)
Price Law Group, APC
8245 North 85th Way
Scottsdale, AZ 85258
T: (818) 600-5564
F: (818) 600-5464
E: brian@pricelawgroup.com
*Attorneys for Plaintiff, Mary Brittain*

## CERTIFICATE OF SERVICE

I hereby certify that on March 21, 2019, I electronically filed the following document(s) with the Clerk of the Court using the ECF system:

1) Plaintiff's Memorandum of Points and Authorities in Opposition to Defendant Navient Solutions, LLC's Motion to Compel Arbitration and Dismiss Case;

2) Declaration of Brian Brazier in Support of Plaintiff's Memorandum of Points and Authorities in Opposition to Defendant Navient Solutions, LLC's Motion to Compel Arbitration and Dismiss Case; and

3) Exhibits 1-2.

Notice of such filing will be sent to all attorneys of record in this matter. Since none of the attorneys of record are non-ECF participants, hard copies of the foregoing have not been provided via personal delivery or by postal mail.

Dated: March 21, 2019                    PRICE LAW GROUP, APC

                                         */s/Elizabeth Nanez*